# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| CITIZENS FOR CLEAN ENERGY, et al., | **CV-17-30-GF-BMM** |
| and | |
| THE NORTHERN CHEYENNE TRIBE, | |
| Plaintiffs, | |
| v. | **ORDER** |
| U.S. DEPARTMENT OF THE INTERIOR, et al., | |
| Federal Defendants, | |
| and | |
| STATE OF WYOMING, et al., | |
| Defendant-Intervenors. | |
| STATE OF CALIFORNIA, et al., | **CV-17-42-GF-BMM** |
| Plaintiffs, | (Consolidated case) |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR, et al., | |
| Federal Defendants, | |
| and | |
| STATE OF WYOMING, et al., | |
| Defendant-Intervenors. | |

Plaintiffs filed their Complaint in CV-17-30-GF-BMM on March 29, 2017. (Doc. 1.) The Court granted the State of Wyoming's Motion to Intervene (Doc. 25) on May 30, 2017. (Doc. 30.) The Court granted the parties' Joint Motion to Consolidate Cases (Doc. 33) on June 2, 2017. (Doc. 34.) The Court granted National Mining Association's Motion to Intervene (Doc. 37) on July 10, 2017. (Doc. 41.) The Court granted the State of Montana's Motion to Intervene (Doc. 39) on July 10, 2017. (Doc. 42.)

State Plaintiffs filed their Motion for Summary Judgement on July 27, 2018. (Doc. 115.) Organizational Plaintiffs filed their Motion for Summary Judgment on July 27, 2018. (Doc. 117.)  Federal Defendants filed their Cross Motion for Summary Judgment on September 7, 2018. (Doc. 123.) State Defendants filed their Cross Motion for Summary Judgment on September 19, 2018. (Doc. 125.) National Mining Association filed its Cross Motion for Summary Judgment on September 18, 2018. (Doc. 127.)

The Court held a hearing on the motions on December 13, 2018. (Doc. 138.) The Court issued its Order on the parties' motions for summary judgment on April 19, 2019. (Doc. 141.) The Court determined that Plaintiffs demonstrated that they possess standing to challenge the Zinke Order. Plaintiffs further demonstrated that their claims were ripe for review. The Court determined that the Zinke Order met the requirements for final agency action under the APA sufficient to trigger the

2

NEPA process. The Court declined to direct Federal Defendants to prepare a PEIS, or supplement the PEIS. Federal Defendants released a 35-page Draft EA on May 22, 2019. Federal Defendants assert that the Draft EA examined the impacts of the Zinke Order as required by NEPA.

The Court directed the parties to confer in good faith to attempt to reach an agreement regarding potential remedies. The parties met in good faith, but were unable to reach an agreement as to remedies. The parties filed separate proposals regarding remedies for the Court's review.

Plaintiffs argue that the remedy of vacatur constitutes the standard remedy when an APA violation occurs. (Doc. 147 at 9.) Plaintiffs assert that a return to the status quo before the Zinke Order will be appropriate. *Id.* Plaintiffs argue that Federal Defendants issuance of the Draft EA fails to overcome the deficiencies identified by the Court. *Id.* Plaintiffs contend that Federal Defendants must initiate and complete a decision-making process on a clean slate that follows vacatur of the Zinke Order. *Id.*

Defendants argue that the Court should remand the Zinke Order to Federal Defendants for NEPA review. (Doc. 148 at 3.) Defendants assert Federal Defendants' ongoing NEPA process should be allowed to continue. *Id.* Defendants argue that Plaintiffs are not entitled to a remedy that goes beyond remand. *Id.*

3

Federal Defendants assert that they are diligently determining whether the Draft EA should lead to the issuance of a Finding of No Significant Impact ("FONSI"), or the preparation of an Environmental Impact Statement ("EIS"). (Doc. 149 at 4.) Federal Defendants expect to reach this decision by August 5, 2019. *Id.* Federal Defendants request that the Court either (1) postpone a remedy ruling until the agency completes its decision making, or (2) enter an order allowing the parties twenty-one days from the completion of the decision making to file supplemental remedy briefs. Id. at 5. Federal Defendants ask that a remedy order entered by the Court should be limited to remand without vacatur. *Id.*

## DISCUSSION

Federal Defendants do not anticipate approving any leases, other than ones exempt form the pause and disclosed to Plaintiffs, before September 1, 2019. (Doc. 149 at 6.) Federal Defendants are engaged in an ongoing NEPA process. Federal Defendants anticipate that the decision of whether to prepare a FONSI or an EIS will be made in early August. A ruling by the Court based on the Draft EA would constitute a premature ruling. The Court agrees with Federal Defendants that a postponement of a remedy ruling constitutes the fair and appropriate remedy in this case. The Court's postponement of a remedies ruling does not foreclose Plaintiffs' ability to challenge the NEPA process after the completion of Federal Defendants' review.

## CONCLUSION AND ORDER

The Court deems it appropriate to postpone a remedies ruling until after Federal Defendants' completion of their NEPA review. The Court's postponement of a remedies ruling does not foreclose Plaintiffs' ability to challenge the adequacy of Federal Defendants' NEPA review after its completion. The parties shall reserve their rights set forth in the Court's Summary Judgment Order (Doc. 141) to file briefs within the word limits determined by the Court. *Id.* at 33.

DATED this 31st day of July, 2019.

Brian Morris
United States District Court Judge

5